## THE POCAHONTAS.

## THE MAIA.

(Circuit Court of Appeals, Second Circuit: June 6, 1916.)

Nos. 298, 299.

COLLISION ☞71(2)—PASSING TOW AND ANCHORED STEAMSHIP—NEGLIGENT
NAVIGATION OF TOW.

A steamship, by anchoring in the North River at a place where it is a mile wide and navigable from shore to shore, even though she was partly or entirely off the designated anchorage ground, cannot be held chargeable with fault for a collision with one of the barges of a passing tow, which had a clear space of a quarter of a mile on one side and a half mile on the other; but the fault must be attributed solely to the towing tugs for negligent navigation.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 101; Dec. Dig. ☞71(2).]

Appeals from the District Court of the United States for the Southern District of New York.

Suits in admiralty for collision by John H. Flannery, owner of the barge Economy, against the steam tug Pocahontas, the Cornell Steamboat Company, claimant, with the steamship Maia impleaded, Otto Schacht, claimant, and by Otto Schacht against the tug Pocahontas. Decree in the first suit for libelant against both the tug and steamship, and both appeal; and in the second case for libelant for half damages, and libelant appeals. Modified on both appeals.

For opinion below, see 217 Fed. 135.

On appeal from decrees entered in the District Court for the Southern District of New York in the above entitled actions growing out of a collision in the North River between the steamship Maia and the barge Economy in tow of the tug Pocahontas belonging to the Cornell Steamboat Company. The District Court found that both the Pocahontas and the Maia were at fault and divided the damages between their respective owners.

Both parties insist that the decree is erroneous and each argues that the other was solely at fault and liable for the damages which resulted from the collision.

Kirlin, Woolsey & Hickox, J. Parker Kirlin, and Robert Erskine, all of New York City, for Cornell Steamboat Co.

Burlingham, Montgomery & Beecher, of New York City (Charles C. Burlingham and Chauncey I. Clark, both of New York City, of counsel), for Schacht.

James J. Macklin and William F. Purdy, both of New York City, for Flannery.

Before COXE and WARD, Circuit Judges, and CHATFIELD, District Judge.

COXE, Circuit Judge. On the 18th day of May, 1914, the steam tug Pocahontas assisted by the tug Virginia was proceeding down the North River opposite Palisades Park with a tow of from 18 to 24 barges, the majority being loaded. There were 3 or 4 boats abreast in the three forward tiers, the barge Economy being the outer port

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

boat in the third tier. The remaining tiers were made up with less than 4 boats each. The Maia was anchored off Palisades Park and in passing down the river the Economy came into collision with the stern of the Maia, causing the damage complained of. The owner of the Pocahontas impleaded the Maia, alleging that she was improperly anchored across the channel, that she failed to give warning and did not have a proper lookout.

We think that there can be no doubt regarding the negligence of the Pocahontas, but it seems to us that the Judge was in error in holding the Maia. It is argued that she was anchored outside the anchorage ground and across the fairway, that she had no lookout and that she gave no warning signal indicating that she was off the anchorage ground. If the locus in quo had been a narrow, tortuous stream, there might be some reason for such contentions but we are dealing here with a river nearly a mile wide and navigable the entire distance from shore to shore. The anchorage regulations are not in evidence. We do not think the Maia was anchored off the anchorage ground but if she were partly off or wholly off, that did not justify other vessels in running into her. There was nothing to prevent the Cornell tugs from taking down their tow with perfect safety had they been properly handled; they had a quarter of a mile unobstructed water on the Jersey side and over half a mile on the New York side. The suggestion that there was danger of colliding with ascending tows on the New York side is not at all persuasive. If the helping tug had been sent back to aid the flotilla in passing the Maia, there would have been no collision.

It seems to us that the tugs were clearly responsible for the collision and that the judgment against the Maia is based upon technical considerations too refined to be considered. The tugs had practically the entire river in which to pass the Maia and if they had been properly handled they would have passed without danger. They should be held solely responsible.

The cause is remanded to the District Court with instructions to enter a decree in accordance with this opinion. In the second suit a decree should be entered for full damages to the libelant, with costs.